**NEW ENGLAND HEALTH CARE EMPLOYEES PENSION FUND, on behalf of itself and all others similarly situated; Clifford Mosher, on behalf of himself and all others similarly situated; Tejinder Singh, on behalf of** himself and all others similarly situated; Sotpal Singh, on behalf of himself and all others similarly situated, **Plaintiffs–Appellees,**

v.

**Robert S. WOODRUFF; Joseph P. Nacchio, Defendants–Appellants,**

and

**Qwest Communications International, Inc.; Drake S. Tempest; James A. Smith; Arthur Andersen L.L.P.; Craig D. Slater; Philip F. Anschutz, Defendants–Appellees.**

No. 06–1482.

United States Court of Appeals, Tenth Circuit.

April 2, 2008.

Herbert J. Stern of Stern & Kilcullen, LLC, Roseland, New Jersey, and David Meister of Clifford Chance, US, LLP, New York, New York (James Miller and David Cook of Clifford Chance, US, LLP, New York, New York; and Jeffrey Speiser and Joel M. Silverstein of Stern & Kilcullen, LLC, Roseland, New Jersey, with them on the briefs), for Defendants–Appellants.

David R. Boyd of Boies, Schiller & Flexner LLP, Washington, D.C. (Jonathan D. Schiller, Alfred P. Levitt, and Jorge Schmidt P. of Boies, Schiller & Flexner

LLP, Washington, D.C.; Terence C. Gill of Sherman & Howard, LLC, Denver, Colorado, with him on the brief), for Defendant–Appellee Qwest Communications International Inc.

· Michael J. Dowd of Lerach Coughlin Stoia Geller Rudman & Robbins LLP, San Diego, California (Keith F. Park, Spencer A. Burkholz, and Thomas E. Egler of Lerach Coughlin Stoia Geller Rudman & Robbins LLP, San Diego, California; Sanford Svetcov and Susan K. Alexander of Lerach Coughlin Stoia Geller Rudman & Robbins LLP, San Francisco, California, with him on the brief), for Plaintiffs–Appellees.

Before KELLY, BALDOCK, and BRISCOE, Circuit Judges.

## ORDER

PAUL KELLY, JR., Circuit Judge.

Appellee Qwest Communications International Inc.'s petition[1] for panel rehearing is denied by the panel. Judge Briscoe would grant panel rehearing for the reasons stated in her dissent. Judge Baldock would grant panel rehearing to hold that once appellants demonstrate plain legal prejudice as to one provision of the settlement agreement, they have standing to object to all of the agreement's provisions. Judge Baldock continues to concur in the result of the panel opinion. Because neither Judge Briscoe's dissent, nor Judge Baldock's view of standing commands a panel majority, the petition for panel rehearing is denied.

The suggestion for en banc rehearing was transmitted to all judges of the court who are in regular active service. No poll on the suggestion was requested and the suggestion is therefore denied.

---

1. Lead Plaintiffs–Appellees New England Health Care Employees Pension Fund, et al. have joined in the petition for panel rehearing and the petition for rehearing en banc.

BALDOCK, Circuit Judge, dissenting from the denial for panel rehearing.

In their Response to Appellees' Petition for Rehearing and Petition for Rehearing En Banc, Appellants argue that they are not required to demonstrate standing as to each provision of the partial settlement agreement in challenging the district court's Fed.R.Civ.P. 23(e) ruling. The Court's opinion correctly concludes Appellants have standing to challenge the district court's approval of the partial settlement agreement. In so doing, however, the Court considers whether Appellants made this showing with respect to *each* provision of the settlement Appellants object to on the merits (*i.e.*, the Complete Bar Order, the Reform Act Bar Order, and the so-called Contractual Provisions). *See New England Health Care Employees Pension Fund v. Woodruff,* 512 F.3d 1283, 1288–89 (10th Cir.2008). Because that portion of the opinion is susceptible to misinterpretation, and because of standing's fundamental importance, we should grant the petition to clarify this portion of the Court's opinion. The denial of the Petition is otherwise well-taken.

As Appellants aptly note in their Response to the Petition, once they demonstrate "plain legal prejudice" under *any* provision of the partial settlement agreement, they have standing to challenge the district court's approval of that settlement on *any* ground. By addressing whether the Contractual Provisions prejudice Appellants, *after* concluding Appellants made the requisite showing of plain legal prejudice as to the Complete Bar Order and the Reform Act Bar Order provisions, I fear the Court's decision—as presently written—risks muddying our standing jurisprudence.[1] Lower courts and litigants

---

1. The portion of the majority opinion that concerns me is as follows:

As to the Complete Bar and the Reform Act Bar, clearly, Mr. Nacchio and Mr.

could easily interpret the majority opinion's extended standing discussion to mean Appellants must demonstrate "plain legal prejudice" as to *each* provision of the settlement agreement they wish to challenge on the merits. This is incorrect.

While no court of appeals has expressly addressed this precise issue—indeed, few courts have addressed non-settling defendants' standing to contest partial settlement agreements at all—core tenets of our standing jurisprudence demonstrate that Appellants need only demonstrate "plain legal prejudice" under one provision of the partial settlement agreement to have standing to challenge the district court's approval of the agreement.[2] *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1103 (10th Cir.2001) (" 'Prejudice' in this context means 'plain legal prejudice,' as when '*the settlement* strips the party of a legal claim or cause of action.' ") (emphasis added) (quoting *Agretti v. ANR Freight Sys.*, 982 F.2d 242, 246 (7th Cir.1992)) (additional quotation omitted). Any doubt is dispelled when we focus upon the "case-or-controversy" at bar. Here, Appellants appeal the district court's *approval* of the underlying settlement agreement as a whole, rather than any particular provision. *See* Fed.R.Civ.P. 23(e) ("[T]he court may approve [the proposed settlement] only after

... finding that it is fair, reasonable, and adequate.").

Admittedly, 4 *Newberg on Class Action* § 11:55 (4th ed.2002) counsels otherwise:

[N]onsettling defendants in a multiple defendant litigation context have *no standing to object to the fairness or adequacy of the settlement by other defendants,* but they *may object to any terms* that preclude them from seeking indemnification from the settling defendants. Nonsettling defendants also have standing to object if they can show some formal legal prejudice to them, apart from loss of contribution or indemnity rights.

(emphasis added), *cited with approval in In re Integra Realty Res., Inc.*, 262 F.3d at 1103. The scant case law that exists on this subject cites this language frequently. *See, e.g., In re Integra Realty Res., Inc.*, 262 F.3d at 1103; *In re Viatron Computer Sys. Corp. Litig.*, 614 F.2d 11, 14 (1st Cir.1979); *In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 172 (5th Cir.1979). Notwithstanding courts' reliance on Newberg's language, whether it deserves great weight is entirely another matter.

Tellingly, any substantive analysis demonstrating the merits of this position is, at best, elusive. *See, e.g., In re Rite Aid*

---

Woodruff have standing to challenge these provisions.... Further, in this case, the Contractual Provisions clearly impact Mr. Nacchio and Mr. Woodruff's contribution and indemnification rights.... They have therefore suffered the requisite plain legal prejudice sufficient to *confer standing with respect to both the Contractual Provisions and the Bar Orders.*
*New England Health Care Employees Pension Fund,* 512 F.3d at 1288–89 (emphasis added).

**2.** *See, e.g., Eichenholtz v. Brennan,* 52 F.3d 478, 487 (3d Cir.1995) (holding that non-settling defendants had standing to challenge the district court's approval of the underlying partial settlement agreement after concluding that non-settling defendants made the requi-

site "plain legal prejudice" showing as to *one* provision of the agreement); *see also, e.g., Alumax Mill Prods., Inc. v. Congress Fin. Corp.,* 912 F.2d 996, 1001–02 (8th Cir.1990) (holding that a non-settling defendant has standing "to object where it can demonstrate that it will sustain some formal legal prejudice *as a result of the settlement,*" but declining to expressly consider whether each objection to the partial settlement agreement raised by the non-settling defendant met this standard (emphasis added)); *Waller v. Fin. Corp. of Am.,* 828 F.2d 579, 582 (9th Cir.1987) (recognizing that "a non-settling defendant [has standing] to object where it can demonstrate that it will sustain some formal legal prejudice *as a result of the settlement* " (emphasis added)).

*Corp. Sec. Litig.,* 146 F.Supp.2d 706, 716 n. 12 (E.D.Pa.2001) (noting that whether nonsettling defendants, who had standing to challenge a Bar Order, also had "the right to object to the settlement as having been obtained by unfair conduct ... is a ... close[ ] question," but electing to "merely note th[e] issue and move on"). Indeed, tracing this language to its origin in the first edition of *Newberg on Class Actions,* it appears Newberg—without independent analysis—relies on several district court cases for his conclusion. *See* 3 *Newberg on Class Actions* § 5660b at 564–65 (1977). Review of the cases cited by Newberg also reveals no substantive analysis of this issue. While presumably Newberg's perspective is best understood in light of "[p]ublic policy strongly favor[ing] the pretrial settlement of class action lawsuits," *see In re U.S. Oil & Gas Litig.,* 967 F.2d 489, 493 (11th Cir.1992), Article III standing represents "the irreducible constitutional minimum" requirements for maintaining a "case-or-controversy." *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "At its core ... constitutional standing requires a court to ask not only whether an injury has occurred, but whether the injury that has occurred may serve as the basis for a legal remedy in the federal courts." *See Bd. of County Comm'rs. v. Geringer,* 297 F.3d 1108, 1112 (10th Cir.2002). Put simply, I believe Newberg's view is mistaken because it conflates the standing and merits analysis.

Additionally, whether Appellants must demonstrate standing as to each provision of the partial settlement agreement is also the point at which the majority and dissent diverge. Clearly, the dissent to the Court's opinion is correct that "[t]o have standing under Article III, Non–Settling Defendants 'must demonstrate standing for *each claim* that [they] seek[ ] to press.'" *See New England Health Care Employees Pension Fund,* 512 F.3d at 1292 (Briscoe, J., dissenting) (quoting *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 126 S.Ct. 1854, 1867, 164 L.Ed.2d 589 (2006)). But applying that general principle here requires careful consideration of this matter's procedural posture. Again, the Appellants' appeal is *not* to any particular portion of the partial settlement. Quite clearly, Appellants appeal from the district court's Fed.R.Civ.P. 23(e) *approval* of the parties' partial settlement agreement *as a whole.* As such, Appellants' objections to the settlement agreement's Complete Bar Order, Reform Act Bar Order, and Contractual Provisions are *not* separate "claims," which Appellants "seek[ ] to press." *See DaimlerChrysler,* 126 S.Ct. at 1867; *see Black's Law Dictionary* 240 (7th. ed.1999) (defining a "claim" as, *inter alia,* "[a]n interest or remedy recognized at law; the means by which a person can obtain a privilege, possession, or enjoyment of a right or thing; CAUSE OF ACTION"). Rather, the ultimate issue presented by Appellants on appeal is whether the district court abused its discretion in concluding the settlement agreement, as a whole, "is fair, reasonable, and adequate." *See* Fed.R.Civ.P. 23(e); *see also Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1186 (10th Cir.2002).

In my view, by demonstrating that the partial settlement agreement causes them plain legal prejudice in any regard, Appellants satisfy the requirements of standing to challenge the approval of the agreement. *See Eichenholtz,* 52 F.3d at 482 ("Where the rights of third parties are affected, it is not enough to evaluate the fairness of the settlement to the settling parties; the interests of such third parties must be considered."). The Court's opinion perpetuates ambiguity in an area of the law that desperately needs clarification. As such, I respectfully dissent from the denial of panel rehearing.[3]

**3.** Further, given that Appellants demonstrated "plain legal prejudice" by the Bar Order or the Complete Bar Order, the dissent's understanding of the Contractual Provisions' effect—however correct for Rule 23(e) purposes—goes to the merits, not standing. *See New England Health Care Employees Pension Fund,* No. 06–1482, Dissenting Op. at 1–8.